IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LEANN BEASLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 11-2275-STA |
| | ) |
| SHELBY COUNTY HEALTH CARE | ) |
| CORPORATION, a/k/a THE | ) |
| REGIONAL MEDICAL CENTER | ) |
| AT MEMPHIS a/k/a THE MED, | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
_____

Before the Court is Plaintiff Leann Beasley's Motion to Remand (D.E. # 4) filed on April 18, 2011. Defendant Shelby County Healthcare Corporation (hereinafter "the Med") filed a Notice of Removal on April 13, 2011, and has responded in opposition to Plaintiff's Motion to Remand. For the reasons set forth below, the Motion to Remand is **GRANTED**.

**BACKGROUND**

On August 25, 2008, Plaintiff filed a Complaint in state court alleging retaliatory discharge for the exercise of her workers compensation rights. On January 21, 2010, Defendant filed a motion to dismiss the claim on the grounds that Defendant is immune from suit as a governmental entity. On March 28, 2011, Plaintiff filed a legal memorandum in opposition to Defendant's motion to dismiss and in reply to Defendant's opposition to her motion to amend her Complaint. In that memorandum, Plaintiff argued, "Plaintiff's complaint includes

1

allegations sufficient to support a claim of violation of 42 U.S.C. §1983." According to Defendant, Plaintiff states in her memorandum that as a governmental entity, Defendant is liable to Plaintiff for the violation of her constitutional rights. Defendant contends then that Plaintiff's brief is for purposes of 28 U.S.C. § 1446(b) a "paper from which it may first be ascertained that the case is one which is or has become removable" based on federal question jurisdiction, 28 U.S.C. § 1331.

On April 18, 2011, Plaintiff filed her Motion to Remand. Plaintiff recites the allegations of her Complaint and refers to Defendant's motion to dismiss. Plaintiff adds that in response to Defendant's motion to dismiss, Plaintiff filed a response brief as well as a motion for leave to amend her Complaint. Prior to ruling on these motions, the Chancery Court for Shelby County transferred the case to the Circuit Court. The Circuit Court held a status conference with the parties on February 25, 2011, and instructed the parties to submit additional briefing. Plaintiff did so and in her additional memorandum mentioned a possible § 1983 claim against Defendant. Plaintiff argues that Defendant's removal of the case to federal court was premature in light of the fact that the state court had yet to rule on Defendant's motion to dismiss or Plaintiff's motion to amend. Therefore, this Court should remand the case to state court.

Defendant has responded in opposition to Plaintiff's Motion to Remand. Defendant reiterates that Plaintiff filed a brief in opposition to the motion to dismiss in which Plaintiff asserts that she can state a claim under § 1983 and that the state court has jurisdiction over her § 1983 claim. Defendant argues that it need not have waited on the state court's rulings on the motion to dismiss or motion to amend before removing this action to federal court. Plaintiff's brief referred to her § 1983 claim eight times and was sufficient under federal law to trigger

removal.  As a result, the Court should deny Plaintiff's Motion to Remand.

## STANDARD OF REVIEW

The removal statute, found at 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."[1]  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[2]  The Supreme Court has held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[3]  A case may "arise under" federal law where (1) the plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element. . . of the well-pleaded state claim;"or (3) the "claim is really one of federal law."[4]  The federal court must "resolve any ambiguity concerning the scope of removal under § 1446(b) in favor of remand to the state courts."[5]

---

[1] 28 U.S.C. § 1441(b).

[2] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

[3] *Id.*; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

[4] *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citations and quotations omitted).

[5] *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## **ANALYSIS**

As an initial matter, it is not clear to the Court whether Plaintiff's motion to amend seeks leave to add a § 1983 claim or whether Plaintiff argues that she has already pled such a claim in her original Complaint. Along with its Notice of Removal, Defendant has filed a copy of the brief where Plaintiff stated, "Plaintiff's complaint includes allegations sufficient to support a claim of violation of 42 U.S.C. §1983." Neither party has provided the Court with a copy of Plaintiff's motion for leave to amend or a copy of her proposed amended complaint. Nevertheless, the Court finds it unnecessary to examine Plaintiff's initial motion to amend or her proposed amended complaint.

It is undisputed in this case that a federal question is not presented on the face of Plaintiff's original Complaint. According to that pleading, Plaintiff's claim arises under Tenn. Code Ann. § 50-6-101, the Tennessee Workers' Compensation Law.[6] Removal of civil actions stating claims under workers compensation laws is specifically prohibited.[7] The basis for Defendant's removal in this case is not the pleadings contained in Plaintiff's original Complaint but Plaintiff's argument made in support of a motion to amend the Complaint and in opposition to Defendant's motion to dismiss. Defendant relies on § 1446(b) where the statute permits removal upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" suggesting proper grounds for removal. Although the

---

[6] *See* Compl. ¶¶ 3, 4, 11, 15.

[7] 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

statute does not define "other paper," courts have construed the term liberally.[8]  Defendant argues that Plaintiff's briefs are "other papers" and refer to possible claims under § 1983, a federal question over which this Court has original jurisdiction.  Therefore, removal is proper.  The Court need not reach the issue of whether Plaintiff's brief was an "other paper" as § 1446(b) uses that phrase.

Under the circumstances the Court holds that Defendant's notice of removal was premature.  In the specific context of a motion to amend the complaint and add a federal claim, § 1446(b)'s 30-day time limit for removal does not begin to run until the state court actually grants leave to amend.[9]  The Sixth Circuit has explained that "removal automatically places the case into federal court" and "removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed."[10] The Court has already found that the well-pled allegations of Plaintiff's original Complaint do not give this Court jurisdiction over Plaintiff's claims.  At this point Plaintiff has not amended that pleading.  Therefore, "the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise unremovable case removable."[11]

---

[8] *E.g. Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (finding that responses to deposition questioning may be an "other paper" for purposes of § 1446(b)); *Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1220-21 (8th Cir. 2006) (finding that a response to a motion to transfer which states a federal cause of action is an "other paper" under removal statute).

[9] *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (citing *Douklias v. Teachers' Ins. & Annuity Assoc.,* 35 F. Supp. 2d 612, 615 (W.D. Tenn.1999)).

[10] *Id*. (citing *Sullivan v. Conway,* 157 F.3d 1092 (7th Cir. 1998)).

[11] *Douklias*, 35 F. Supp. 2d at 615.  *See also B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 422 F. Supp. 2d 903, 905-906 (M.D. Tenn. 2006).

Resolving any ambiguity in favor of remand, the Court concludes that removal on the basis of a motion to amend a complaint or a proposed amended complaint is not proper until the state court actually grants leave to amend. Therefore, Plaintiff's Motion to Remand is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 28th, 2011.